IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LEDFORD,

        Plaintiff,

v.

EMILY STADTMUELLER, CONSTINE,
CRYSTAL MARCHANT, MAHAL, NANCY
GARCIA, and MATUESKI,

        Defendants.

OPINION AND ORDER

17-cv-959-wmc

---

*Pro se* plaintiff William Ledford is proceeding in this lawsuit on constitutional and state law claims against Wisconsin Department of Corrections ("DOC") officials Mahal, Matueski, Constine, Garcia, Stadtmueller and Marchant. Before the court is defendants' motion to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #26.) Since venue in this district court is improper, the court will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

OPINION

Venue is proper where defendants to a lawsuit reside or where the events giving rise to the claim took place. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

None of the defendants reside in the Western District of Wisconsin, nor did they reside in this district at the time plaintiff filed his complaint. (Stadtmueller, Pusich, Zuraff

Decls. (dkt. ##27-29).) Moreover, the events giving rise to Ledford's claims in this lawsuit occurred at Waupun Correctional Institution in Waupun, Wisconsin. Waupun, Wisconsin is located in Dodge County and Fond du Lac County, both of which are in the Eastern District of Wisconsin. 28 U.S.C. § 130(a).

Ledford opposes the motion because in his complaint, he included several defendants who reside in the Western District of Wisconsin, but the court dismissed them at the screening stage so they are no longer defendants in this lawsuit. Ledford also opposes the motion on the basis that he is located within the Western District of Wisconsin. However, as noted above, the district in which the plaintiff resides is not one of the locations in which venue is proper. Finally, Ledford argues that it would be more convenient for this lawsuit to continue before this court, but convenience of the parties only factors into whether the court should transfer a matter pursuant to 28 U.S.C. § 1404(a). Defendants have moved to dismiss or transfer pursuant to § 1406(a), under which the court has no discretion to consider the convenience of the parties.

Finding venue improper in the Western District of Wisconsin, the court further concludes that transfer, rather than dismissal, serves the interest of justice. Therefore, the court will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss or transfer venue (dkt. #26) is GRANTED.

2. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 24th day of June, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3

Case 2:20-cv-00946-NJ   Filed 06/24/20   Page 3 of 3   Document 32