# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM N. LEDFORD,

    Plaintiff,

  v.                                  Case No. 20-CV-946

CO MAHAL, CO MATUESKI,
OFFICER CONSTINE, NANCY GARCIA,
EMILY STADTMUELLER, and CRYSTAL MARCHANT,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR REVOKE PLAINTIFF'S *IN FORMA PAUPERIS STATUS* AND ON COLLECTION OF FILING FEE

Plaintiff William N. Ledford, who is incarcerated at the Wisconsin Secure Program Facility, filed this civil rights case in the Western District of Wisconsin on December 27, 2017, along with a motion for leave to proceed *in forma pauperis* (without prepaying the filing fee). (Docket # 1.) On April 9, 2018, Ledford filed an amended complaint. (Docket # 9.) On March 23, 2020, District Judge William M. Conley screened the amended complaint and granted Ledford leave to proceed against defendants Emily Stadtmueller, Office Constine, Crystal Marchant, CO Mahal, Nancy Garcia, and CO Matueski. (Docket # 22.) The defendants subsequently filed a motion to dismiss this case or transfer venue to the Eastern District of Wisconsin. (Docket # 26.) On June 24, 2020, Judge Conley granted the defendants' motion and transferred this case to the Eastern District of Wisconsin. (Docket # 32.)

On June 25, 2020, the defendants filed a motion to dismiss or revoke *in forma pauperis* status. (Docket # 36.) The defendants' motion is fully briefed and ready for resolution.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

*Defendants' Motion to Dismiss or Revoke In Forma Pauperis Status*

The defendants move to dismiss this case without prejudice or to revoke *in forma pauperis* status because Ledford incurred at least five "strikes" under 28 U.S.C. § 1915(g) before filing this case. (Docket # 36.) Ledford opposes the defendants' motion.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The defendants contend that Ledford has incurred strikes, as follows:

**Strikes 1, 2, and 3:** The defendants state that in 1989 and 1990, Western District of Wisconsin Judge Shabaz dismissed three actions filed by Ledford and simultaneously denied him leave to proceed *in forma pauperis*. (Docket # 36 at 2.)

2

The defendants provided the Western District of Wisconsin case numbers (Nos. 89-CV-816, 90-CV-144, 90-CV-966) and they contend that Judge Shabaz's simultaneous dismissal and denial of leave to proceed *in forma pauperis* at that time (pre-PLRA) could only have been done if an action was frivolous or malicious, citing *Williams v. Neitzke*, 490 U.S. 319, 322 n.1 (1989) (citing *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, Wis.*, 510 F.2d 130, 134 (7th Cir. 1975)). (Docket # 36 at 2.)

To verify that these dismissals were in fact "strikes," I reviewed the docket sheets of *Ledford v. Saiz*, Case 89-cv-816 (*in forma pauperis* denied and case dismissed without prejudice on September 12, 1989), *Ledford v. Vias*, Case 90-cv-144 (*in forma pauperis* denied and case dismissed without prejudice on March 5, 1990), and *Ledford v. Bablitch*, Case 90-cv-966 (*in forma pauperis* denied and case dismissed without prejudice on December 18, 1990). Based on the case dockets, I cannot conclude that Judge Shabaz dismissed these cases as frivolous, malicious, or for failure to state a claim. Moreover, court staff attempted to obtain paper copies of the dismissal orders from the Federal Records Center, but these records are no longer available. Accordingly, I am unable to independently determine that any of the dismissals were on grounds that the action was frivolous, malicious, or failed to state a claim and find that these three dismissals are strikes under 28 U.S.C. § 1915(g).

**Strike 4:** In 1992, Judge Stadtmueller dismissed a fourth action for being frivolous. (*See* No. 92-CV-506 (E.D. Wis.).) This dismissal is a "strike" under 28 U.S.C. § 1915(g).

3

**Strike 5:** The defendants state that in 2001, Western District of Wisconsin District Judge Crabb dismissed a fifth action for failure to state a claim and they provide a case number, No. 01-CV-330 (W.D. Wis.). (Docket # 36 at 2.) However, on August 17, 2001, *Judge Shabaz* dismissed *Ledford v. Hertel,* Case 01-cv-330 (W.D. Wis.), without prejudice for failure to exhaust administrative remedies. This dismissal does not count as a "strike" under § 1915(g).

The defendants have not shown that Ledford has had three of his prior cases dismissed as frivolous, malicious, or for failure to state a claim. Thus, I will deny their motions to dismiss and to revoke *in forma pauperis* status.

*Collection of the Filing Fee*

On December 28, 2017, Western District of Wisconsin Magistrate Judge Peter A. Oppeneer assessed Ledford an initial partial filing fee of $4.27. (Docket # 4.) Ledford paid that amount on January 8, 2018. The Western District of Wisconsin did not order the collection of the balance of the filing fee and no additional payments have been made. I will order collection of the $345.73 balance of the filing fee as set forth below.

### ORDER

**THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss complaint is **DENIED** and motion to revoke in forma pauperis status (Docket # 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Ledford's motion for order to dismiss defendants' motion (Docket # 47) is **DENIED AS MOOT**.

4

**IT IS FURTHER ORDERED** that the agency having custody of Ledford shall collect from his institution trust account the $345.73 balance of the filing fee by collecting monthly payments from Ledford's prison trust account in an amount equal to 20% of the preceding month's income credited to Ledford's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Ledford is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Ledford is confined.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2020.

**BY THE COURT:**

_____
NANCY JOSEPH
United States Magistrate Judge